```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA

                                              ORDER
           -against-                          03-CR-0714(JS)

MICHAEL THOMPSON,

                Defendant.
----------------------------------------X
```
APPEARANCES:
For Government:      John Joseph Durham, Esq.
                     United States Attorneys Office
                     Long Island Courthouse
                     610 Federal Plaza
                     Central Islip, NY 11722

For Defendant:       George M. Harmel, Jr., Esq.
                     33 Wheeler Road
                     Central Islip, NY 11722

                     Sarita Kedia, Esq.
                     Law Offices of Sarita Kedia
                     5 East 22nd Street, Suite 7B
                     New York, NY 10010

SEYBERT, District Judge:

      Defendant Michael Thompson ("Thompson") seeks a reduction of the sentence imposed upon him on September 8, 2004 pursuant to U.S.S.G. § 1B1.10(c), and 18 U.S.C. §§ 3582(c)(2) and § 3553(a).[1] The Government opposes the motion and argues that the Court should not exercise its discretion to reduce the sentence. For the reasons cited below, the Court grants the Defendant's application.

---

[1] Defendant and defense counsel have designated the within application as a petition with the Government designated as the respondent. Since the case has the same CR number and there has been no new file opened as a habeas "petition", the Court will treat the application as a motion to reduce a sentence under the Amended Guidelines.

BACKGROUND

On January 30, 2004, Thompson plead guilty to Count One of an indictment charging him with conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). He was sentenced to a term of 151 months of imprisonment and 3 years supervised release. Currently, Thompson is serving his sentence at the United States Penitentiary Cannan, Waymartt, Pennsylvania and has a projected release date of August 17, 2014.

The Presentence Investigation Report ("PSR") initially calculated Defendant's Guidelines range to be 360 months to life based upon a total offense level of 40 and a Criminal History Category of IV. At the sentencing hearing, the Government and Defendant agreed that the proper total offense was at level 31 rather than 40, resulting in a Guidelines sentencing range of 151 to 188 months.[2] The Court sentenced Defendant at level 31.

Now Defendant argues that his sentence should be reduced to the statutory minimum of ten years on the basis of the crack cocaine amendment and 18 U.S.C. § 3553(a) at the time of resentence. The Government responds, arguing that a reduction in sentence is not automatic, and the Court should not afford

---

[2] The change was the result of the drug quantity being reduced to from 1 kilogram to 500 grams of cocaine base, the deletion of a two-level enhancement for obstruction of justice, and affording Defendant a three-level reduction for acceptance of responsibility. (Sentence Transcript ("Sen. Tr.") 4-8.)

2

Defendant the discretionary relief he seeks. The Government concedes that under the Amended Guidelines, Defendant's new base offense level would be a level 32, rather than level 34, and would yield an applicable Guidelines range of 121 to 151.

Defendant filed a <u>pro</u> <u>se</u> Motion for Reduction of his Sentence in April of 2008, a <u>pro</u> <u>se</u> Supplemental Brief in June 2008, and defense counsel served a Memorandum in Support of the Motion on October 21, 2008. On October 7, 2008, the Court issued an Order to Show Cause directing the Government to respond to whether the Defendant's sentence should be reduced in view of the revision to the Guidelines for cocaine base. The Government filed its opposition on December 3, 2008.

## DISCUSSION

In 2005, the Supreme Court rendered the Guidelines advisory rather than mandatory, and in 2007 the Supreme Court emphasized that the cocaine Guidelines, "like all other Guidelines, are advisory only[;]" thus, the sentencing judge has discretion to impose a sentence "inside, just outside, or significantly outside the Guidelines range," so long as the sentence is reasonable. <u>United States v. Booker</u>, 543 U.S. 220, 245, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005); <u>Kimbrough v. United States</u>, — U.S. —, 128 S. Ct. 558, 566, 169 L. Ed. 2d 481 (2007); <u>Gall v. United States</u>, — U.S. — , 128 S. Ct. 586, 591 169 L. Ed. 2d 445 (2007).

Recently, in <u>United States v. Borden</u>, the Second Circuit

decided that the appropriate appellate standard of review to apply to a district court's ruling on a motion under 18 U.S.C. § 3582(c)(2) is abuse of discretion. No. 08-CR-1625, 2009 U.S. App. LEXIS 8140 (2d Cir. Apr. 17, 2009). The Court reasoned that the statute permits the court to reduce the term of imprisonment, but does not require it to do so. Id. at *9.

This Court, therefore, may reduce the term of imprisonment since Thompson has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The court must consider the factors set forth in Section 3553(a) and consider whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission in 18 U.S.C. § 3582(c)(2).

The Court hereby adopts the Amended Guidelines and finds that the total offense is 29, with a Criminal History Category of IV, thereby subjecting Defendant to a Guidelines range of imprisonment of 121-151 months. The Court shall engage in consideration of the § 3553(a) factors after receipt of an update from the Probation Department and the Bureau of Prisons on Defendant's current status, any rehabilitation that has occurred during his term of incarceration, and any threat to public safety Defendant's release might pose. The Court notes that defense counsel reiterated the progress Defendant has made while in custody before sentence and the apparent progress that Defendant continues

to make while in the federal penitentiary with his education.[3] The Government may also submit any relevant information regarding sentence.

## CONCLUSION

The case shall be scheduled for resentence upon the receipt of the above information.

                        SO ORDERED.

                        /s/ JOANNA SEYBERT
                        Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
        May   4  , 2009

---

[3] Defense counsel attaches Thompson's Inmate Education Transcript which includes courses in Accounting, Spanish, Bookkeeping, Mortgage and Rental Properties, and Real Estate I, II and III.

5